THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* GONZÁLEZ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a case of seduction.

No. 615.—Decided December 19, 1913.

APPEAL—SEDUCTION—EVIDENCE—CREDIBILITY AND CHASTITY OF PROSECUTRIX.—
Two letters having been stricken from the record on motion of the *fiscal*
because not properly identified in the statement of the case, this court cannot.
take them into consideration in deciding the appeal; but even if it could,.
their only object being to impeach the credibility and chastity of the prose-
cuting witness and the jury having found a verdict against the accused, this.
court would not interfere with that verdict on account of what might be
deduced from those letters, for the testimony of the prosecutrix was cor-
roborated by two witnesses.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
*Mr. Pedro Manzano Aviño* for appellant.
MR. JUSTICE WOLF delivered the opinion of the court.

This case was begun before the District Court of Agua-
dilla by an information against Bernardo González charging
him with the crime of seduction (felony), inasmuch as he had,.
on one of the days of the month of October, 1912, or there--
abouts, under promise of marriage, seduced the unmarried
female Antonia María Coll, of previous chaste character, and
had carnal intercourse with her. The case was tried before
a jury and the court sentenced him to one year in the peni-
tentiary at hard labor.

The appellant relies practically on only one assignment.
of error, namely, that the proof was insufficient to support
the verdict, but in his brief his argument is almost entirely

based on the deductions that might be inferred from several letters. These letters, on motion of the *fiscal* of this court, have already been stricken from the transcript of the record because not properly identified by due reference in the statement of the case. Strictly speaking, we cannot take these letters into consideration, but even if we could they merely attack the credibility of the prosecuting witness and their tendency for any other purpose as evidence is only to raise a doubt on the previous chaste character of such witness. With respect to these errors, even supposing them to exist, this court would not interfere with the verdict of the jury.

The carnal act was committed by the appellant and the story of the prosecuting witness was corroborated in its essential aspects by two witnesses. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.